## COUNTY AID TO AGRICULTURAL SOCIETIES.

[Lawrence County Court of Common Pleas.]

THE BOARD OF COUNTY COMMISSIONERS OF LAWRENCE COUNTY, OHIO, v. HARRY W. BROWN, AS AUDITOR OF LAWRENCE COUNTY, OHIO.

Decided, November 17, 1903.

*Constitutional Law—Section 3697 as it Originally Stood—And as Amended—the Aid Therein Provided for Agricultural Societies— Not Within the Inhibitions of the Constitution.*

1. The aid extended to agricultural societies under Section 3697 is not in the nature of loans to corporations, or of assistance to private enterprises carried on for the benefit of individuals, but was intended from an early period in the history of the state to promote the agricultural resources of the state, and is therefore not violative of Section 4 of Article VIII of the Constitution, which prohibits the state from loaning its credit to or becoming a joint owner or stockholder in any company or association in the state.

2. Nor does Section 3697, as it originally stood, fall within the inhibition of Section 26 of Article II of the Constitution, providing that all laws of a general nature shall have a uniform operation throughout the state.

3. The amendment to this section, containing a special provision applicable to Cuyahoga county which is clearly inimical to the provision requiring uniform operation, can be rejected without affecting the substance or in any wise defeating the legislative will as to the remainder of the section, and the legislative purpose was in no wise affected by the acceptance or the non-acceptance of this particular provision.

COLLINGS, J.

Section 3697 of the Revised Statutes of the state, which in substance is one of the early enactments of the Legislature, provides in effect: that when certain persons have incorporated themselves as an agricultural society, they may draw certain money from the county treasury, the amount being regulated by the per cent. in proportion to the population as shown by the preceding federal census. This statute is claimed to be unconstitutional, and this

suit is brought by the county commissioners to enjoin the county auditor from drawing a warrant which by the terms of the statute should be drawn in favor of the Lawrence County Agricultural Society.

It is claimed that this enactment of the Legislature is in violation of Section 4 of Article VIII of the Constitution, which reads as follows:

"The credit of the state shall not, in any manner, be given or loaned to, or in aid of, any individual association or corporation whatever; nor shall the state ever hereafter become a joint owner, or stockholder, in any company or association in this state, or elsewhere, formed for any purpose whatever;" and of Section 6 of the same article, which reads: "The General Assembly shall never authorize any county, city, town, or township by a vote of its citizens, or otherwise, to become a stockholder in any joint company, or association whatever; or to raise money for, or loan its credit to, or in aid of, any such company, corporation or association."

If the provisions made in the statute under consideration can be said to be a loan to the corporation, or if it is in aid merely of a private enterprise carried on for the benefit of the individual members of the corporation, I should say, as would any one else, that the statute is violative of this section of the Constitution. But from the history of legislation on the subject, and in view of the fact that from a very early period in the history of the state, it has been Ohio law to promote and encourage the development of the agricultural resources of the state, I doubt whether this statute was intended to or does in effect aid any private enterprise. On the contrary, I rather take the legislative intention to be, and the effect of the statute to be, the offering of a premium to the formation and carrying on of agricultural societies to the end that agriculture may be fostered and promoted. This is at least a tenable view, and if a correct one, the statute should stand, at least so far as this section of the Constitution is concerned. The statute is not so clearly violative of it as requires a court of inferior jurisdiction to hold it unconstitutional.

It is also claimed that the statute as it now stands, is in contravention of Section 26, Article II, which provides:

"All laws of a general nature shall have a uniform operation throughout the state."

And this contention is founded upon the fact that the Legislature recently amended the statute as it originally stood, and which provided that the residents of any county might organize themselves into an agricultural society and have the benefit of the act, by adding to the end of the original section, this:

"Provided, that where in any county containing a city of the second grade of the first class, a site for holding county fairs is situated so far from the geographical center of said county that in the opinion of the commissioners of the county the agricultural interests of said county will best be promoted by the establishment of another and additional society, and a site whereon to hold fairs, upon the organization of such additional society in the manner provided herein, said additional society shall receive the benefit of the act."

The question of the constitutionality of the section as thus amended is by no means free from question. The question is, does the amendment take the whole section out of its uniform operation throughout the state, or may the amendment alone be held to be unconstitutional and rejected, leaving the balance of the section to stand. It seems to me clear enough that the law is one of a general nature and should have operation uniformly throughout the state. It seems also clear enough that the provision introduced by way of amendment being limited to Cuyahoga county, and clearly intended by the Legislature to be so limited, would be a violation of the Constitution. The main question, therefore, is: May this provision be rejected and the remainder of the statute allowed to stand?

The elementary rule of construction that where a portion of the statute only is unconstitutional, the rest may be allowed to stand if the unconstitutional portion does not so far affect the whole statute as that it must be said the Legislature would not have passed the law except in the form and substance as it did pass it, has received frequent approval and application in this state.

Minshall, J., on this subject, in the 48th Ohio State, *Gager, Treasurer,* v. *Prout,* p. 108, shows that there is "a rule of construction firmly established by repeated decisions of this court.

By this rule a statute may be invalid in part, by reason of some provision being repugnant to the Constitution, and valid as to the residue, where it appears that the invalid part is an interdependent provision, not in its nature and connection essential to the other parts of the statute, not so related to the general purpose of the statute as to warrant the conclusion that the Legislature would have refused to adopt it with the invalid part stricken out." So it was announced in the 30th Ohio State, p. 289, that "the validity of a section of an act is not affected by the fact that the remainder of the act is unconstitutional. That section is separable from the remainder of the act." But it will be remembered that the objectionable portion of this statute is added by amendment to a section. The rule, however, is not limited in its operation to the rejection or acceptance of an entire section; but any portion of a section, as I understand, may be rejected as unconstitutional, and the remainder allowed to stand, if it comes within the rule of construction.

In the case of *Treasurer* v. *Bank,* 47th Ohio State, p. 504, it is adjudicated:

"One section of a statute may be void for want of conformity to the Constitution without affecting the validity of the remainder, unless the objectionable and unobjectionable portions are essentially and inseparably connected in substance, or are so interdependent that the General Assembly would not have enacted the one without the other."

It seems to me that the case in hand comes palpably and clearly within the rule just announced. The original section as it stood provided for assistance to agricultural societies throughout the state. It was part of the policy of the state, and there is nothing to indicate that the Legislature ever intended to depart from it, but meant for it to stand as it had stood for many years; but they undertook in addition thereto to make a special provision applicable to Cuyahoga county alone, and which additional provision by the recent holding of the Supreme Court (if indeed any holding was necessary) is clearly inimical to the provision requiring uniform operation. It seems to me quite clear that the provision as to Cuyahoga county can be rejected without affecting the substance

or in any wise defeating the legislative will as to the remainder of the section, and that it can be very well said that the legislative purpose in passing the law was in no wise affected by the acceptance or non-acceptance of this particular provision.

The best judgment of this court is, that the act is constitutional, and that the petition which relies entirely upon the unconstitutionality of the act is, for this reason alone, bad on demurrer.

*E. E. Corn,* Prosecuting Attorney, for plaintiff.

*R. B. Miller,* for defendant.

---

## TERMINALS FOR THE CINCINNATI SOUTHERN RAILWAY AND THEIR LOCATION.